UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jerry Johnson,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Brian Williams, et al.,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-01835-RFB-DJA<br><br>**Order** |

    This is a prisoner civil rights case arising out of *pro se* Plaintiff Jerry Johnson's assertion that Defendants Brian Williams, A. Lazano, Calvin Johnson, Harold Wickham, and Associate Warden Oliver violated his Eighth Amendment rights by limiting his outdoor exercise. Plaintiff now moves for appointment of counsel. (ECF No. 13). However, because the Court finds that Plaintiff has not demonstrated exceptional circumstances at this stage, it denies the motion without prejudice. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

    Plaintiff, an inmate at High Desert State Prison ("HDSP"), asserts that since January 3, 2019, he has had less than eight hours of outdoor exercise—or "yard"—time per week. (ECF No. 7 at 5). He received less than five hours of yard time on many occasions and less than two hours on others. (*Id.* at 6). Between March 18, 2020 and September 22, 2020, Plaintiff claims to have received less than four hours of yard time in total. (*Id.*).

    Plaintiff notified Defendants Lazano, Williams, and Wickham about the issue in writing on January 3, 2019. (*Id.*). Lazano denied the grievance. (*Id.* at 9). Plaintiff appealed and Williams denied the appeal. (*Id.* at 9-11). Plaintiff appealed again, and Defendant Wickham denied it. (*Id.* at 13).

    Plaintiff also asserts that the denial of yard time between March 18, 2020 and September 22, 2020 were instituted by Defendants Johnson and Oliver. (*Id.* at 15). At the time he wrote his

complaint—on September 25, 2020—Plaintiff asserted that he was confined to his cell for twenty-three hours per day and had previously been confined for twenty to twenty-one hours per day. (*Id.*). Plaintiff's Eighth Amendment claim passed screening on June 28, 2021. (ECF No. 6).

In his motion for appointment of counsel, Plaintiff argues that he is facing extreme challenges to litigating his action. (ECF No. 13). He explains that he has no direct access to the law library or the Inmate Counsel Substitute, that the issues in his case are complex, and that he is likely to succeed on his claims. (*Id.*). Plaintiff cites to *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) for the proposition that the court will only appoint counsel under extraordinary circumstances. (*Id.* at 2).

In response, Defendants assert that Plaintiff provides no authority or argument in support of his request for counsel. (ECF No. 15). They assert that the difficulty which Plaintiff is facing as a *pro se* litigant do not reach the exceptional level required for appointment of counsel. (*Id.*). They add that Plaintiff has also failed to provide a compelling argument that his claims will succeed or that he is unable to articulate his claims. (*Id.*).

Plaintiff argues in reply that his case—litigating the availability of yard time—is the type of case in which courts in this district have previously appointed counsel. (ECF No. 16). Plaintiff points to *Kern v. Henry et al.*, No. 2:13-cv-02227-RFB-NJK, 2017 U.S. Dist. LEXIS 62435, at *1-4 (D. Nev. Apr. 24, 2017). (*Id.* at 3). He argues that *Kern* was also a case against HDSP over denial of access to yard time and thus, the Court should also appoint counsel here. (*Id.*).

**II.    Discussion.**

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues

involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn*, 789 at 1331.

In *Kern v. Henry*, the Honorable District Judge Richard F. Boulware appointed counsel to an inmate who asserted that HDSP violated his Eighth Amendment rights by imposing unconstitutional conditions of confinement. *See Kern*, 2017 U.S. Dist. LEXIS 62435, at *1-4. The court first found that the inmate's claim was likely to succeed because it had survived summary judgment and would proceed to trial. *Id.* It then found that the inmate would have difficulty articulating his claim considering its complexity. *Id.* The court explained:

> Plaintiff's Eighth Amendment conditions of confinement claim will involve both nuances of the law as it relates to different aspects of confinement, e.g. exercise and hygiene, and trial preparation in relation to witnesses who are confined (or were confined) with Plaintiff. While Plaintiff has been able to sufficiently raise genuine issues of material fact for the one claim that is proceeding, this standard is different and less burdensome than what he will face at trial. The court finds that complexity of the relevant legal issues and requirements for trial preparation in this case warrant the appointment of counsel.

*Id.*

The Court denies Plaintiff's motion for appointment of counsel. Exceptional circumstances do not exist here, at this stage. Unlike the inmate in *Kern* whose case had passed the summary judgment stage, Plaintiff's case is in its early stages. While Plaintiff's Eighth Amendment claim has passed screening, screening is a very low hurdle. (ECF No. 6). Defendants have also not yet filed a motion to dismiss (which imposes a low standard for Plaintiff) or one for summary judgment (which imposes a slightly higher standard for Plaintiff). Plaintiff thus has not demonstrated the same potential of success as the inmate in *Kern*. Nor has he demonstrated the same inability to articulate his claims considering their complexity. The case in *Kerns*—while it involved similar violations of the Eighth Amendment as Plaintiff asserts here—had proceeded to the trial stage. At the trial stage, preparations and proceedings are far more complex than the dismissal or summary judgment stage. The same complexities that the inmate faced in *Kern*, are thus not yet present here. So far, Plaintiff has demonstrated the ability

to articulate his claims and arguments, to follow deadlines, and to cite caselaw. This ability is apparent because Plaintiff has passed screening, moved for counsel, and replied in support of his motion. While Plaintiff may be able to demonstrate exceptional circumstances as his case progresses towards trial, at this stage, he has not. The Court thus denies Plaintiff's motion to appoint counsel without prejudice, meaning that Plaintiff may re-file his motion in the future.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 13) is **denied without prejudice.**

DATED: January 19, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE