**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Jerry E. Johnson, | Case No. 2:20-cv-01835-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Brian Williams, et al., | |
| Defendants. | |

Before the Court is *pro se* Plaintiff Jerry E. Johnson's motion to compel (ECF No. 31) and motion to reopen discovery (ECF No. 43). In their response to his motion to compel, Defendants explain that they have produced all the documents Plaintiff requested in his motion. (ECF No. 35). Plaintiff did not file a reply. The Court thus denies Plaintiff's motion to compel as moot. (ECF No. 31).

From Plaintiff's motion to reopen discovery and his statements in his opposition to Defendants' motion for summary judgment, it appears that Plaintiff is asking the Court to delay summary judgment for further discovery. (ECF No. 43). But the appropriate motion to seek that relief is brought under Federal Rule of Civil Procedure 56(d), which rule Plaintiff does not cite in his motion. Because it is unclear what relief Plaintiff seeks, the Court denies Plaintiff's motion to reopen discovery with leave for Plaintiff to re-file it and articulate the relief he seeks.

**I.    Discussion.**

   ***A.    The Court denies Plaintiff's motion to compel as moot.***

In his motion to compel , Plaintiff asserts that he propounded five discovery requests on Defendant Calvin Johnson that have gone unanswered. (ECF No. 31 at 2-3). Plaintiff explains that he submitted two meet and confer letters to Defendants' counsel, which letters were ignored. (*Id.* at 5). Defendants respond that they received the discovery requests, did not receive Plaintiff's first letter, but received his second. (ECF No. 35 at 2). Defendants explain that they

1  ultimately served the requested documents, met and conferred with Plaintiff telephonically, and

2  that they have "taken proactive steps to ensure that all future deadlines will be met." (*Id.* at 3).

3  Because Defendants assert that they have since responded to Plaintiff's discovery requests and

4  because Plaintiff has not filed anything asserting that their responses were deficient or seeking

5  further relief, the Court finds that Plaintiff's motion to compel is moot.

6          **B.**     ***The Court denies Plaintiff's motion to reopen discovery without prejudice.***

7        The Court denies Plaintiff's motion to reopen discovery without prejudice because

8  Plaintiff appears to be seeking Rule 56(d) relief but does specify that he is seeking that relief and

9  does not articulate the appropriate standard for that relief. Plaintiff filed his motion to reopen

10  discovery simultaneously with his opposition to Defendants' motion for summary judgment.

11  (ECF Nos. 42, 43). In his motion to reopen discovery, Plaintiff asserts that he recently learned of

12  "shift logs" which would "prove the 'facts' defendants have represented to this court are in FACT

13  misrepresentations." (ECF No. 43 at 3). Plaintiff asks that the Court reopen discovery so that he

14  can discover these logs, which he asserts are crucial to proving his case on the merits. (*Id.*).

15        Plaintiff also brings up the shift logs in his opposition to Defendants' motion for summary

16  judgment. (ECF No. 42). He writes that he discovered the logs on January 17, 2023, when

17  speaking with an inmate substitute counsel, who explained that "all tier and yard activities are

18  recorded in a unit 'shift log.'" (*Id.* at 3). Plaintiff asserts that the logs will "prove Plaintiff's case

19  beyond any doubt," and asks the Court to "<u>order</u> the defendants to produce these documents."

20  (*Id.* at 8) (emphasis in original).

21        Defendants argue in response to Plaintiff's motion to reopen discovery that discovery has

22  been closed since July 6, 2022 and that Plaintiff does not provide enough information to support

23  the conclusion that he was diligent or to show excusable neglect. (ECF No. 46 at 2, 4).

24  Defendants add that they believe the shift logs Plaintiff seeks to discover would be overly broad

25  and unduly burdensome because Plaintiff's request would encompass logs for over 1,000 days.

26  (*Id.* at 5). Defendants argue that the impact of reopening discovery "at this late stage[] would be

27  substantial" and assert that Plaintiff effectively admitted the documents were irrelevant to the

28

1    pending summary judgment motion because he already filed his opposition to that motion.  (*Id.* at

2    5).

3           But the Court is not convinced that Plaintiff tacitly admitted that the shift logs are

4    irrelevant to the summary judgment motion because he filed his opposition to the motion for

5    summary judgment separately.  Instead, given the fact that Plaintiff filed his opposition and his

6    motion to reopen discovery simultaneously, that he mentions the shift logs in his motion for

7    summary judgment, and that he asserts that shift logs will prove his case, it appears that Plaintiff

8    may be requesting that a decision on the motion for summary judgment be delayed.  But Plaintiff

9    does not cite the correct standard.

10          Local Rule 26-3 governs extensions of scheduled deadlines and reopening discovery.  It

11   provides that a request to extend a deadline after the deadline expired must including a showing

12   that "the failure to act was the result of excusable neglect."  LR 26-3.  That motion must also

13   include: (1) a statement specifying the discovery completed; (2) a specific description of the

14   discovery that remains to be completed; (3) the reasons why the deadline was not satisfied, or the

15   remaining discovery was not completed within the time limits set by the discovery plan; and (4) a

16   proposed schedule for completing all remaining discovery.  LR 26-3.

17          Federal Rule of Civil Procedure 56(d) provides a "device for litigants to avoid summary

18   judgment when they have not had sufficient time to develop affirmative evidence."  *Stevens v.*

19   *Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (internal citations and quotations omitted).  A

20   party seeking additional discovery under Rule 56(d) must explain what further discovery would

21   reveal that is essential to justify its opposition to the motion for summary judgment.  *Id.*  In

22   particular, the requesting party must show that: (1) they have set forth in affidavit form the

23   specific facts they hope to elicit from further discovery; (2) the facts sought exist; and (3) the

24   sought-after facts are essential to oppose summary judgment.  *Id.*

25          Considering Plaintiff's motion to reopen discovery together with his statements in his

26   opposition to Defendants' motion for summary judgment, it appears that Plaintiff is seeking 56(d)

27   relief.  Indeed, he asserts that the shift logs are crucial to his case and would disprove the facts on

28   which Defendants rely.  But Plaintiff must be specific about what relief he is actually seeking, the

Court cannot assume.  This is particularly true because, as Defendants point out, reopening

discovery at this stage could seriously impact the motion for summary judgment.  The Court will

thus deny Plaintiff's motion to reopen discovery without prejudice and with leave to re-file.  If

Plaintiff chooses to re-file a motion on this issue, he must be clear whether he would like the

Court to withhold a decision on the motion for summary judgment under Rule 56(d) or decide the

motion and allow him to reopen discovery in the event his case remains active.


     **IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 31) is

**denied without prejudice as moot.**

     **IT IS FURTHER ORDERED** that Plaintiff's motion to reopen discovery (ECF No. 43)

is **denied without prejudice** with leave to re-file.


     DATED: February 23, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE