UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JERRY E. JOHNSON,

           PLAINTIFF,

    v.

BRIAN WILLIAMS, *et al.*

           DEFENDANTS.

Case No. 2:20-cv-01835-RFB-DJA

**ORDER**

## I.   INTRODUCTION

Before the Court for consideration are Defendants Calvin Johnson, A. Lazano, Oliver, Harold Wickham, Brian Williams's Motion for Summary Judgment (ECF No. 37) and Plaintiff Jerry E. Johnson's Renewed Motion to Reopen Discovery (ECF No. 48). For the reasons discussed below, Defendants' motion is denied without prejudice, and Plaintiff's motion is granted.

## II.   PROCEEDURAL BACKGROUND

On October 1, 2020, Plaintiff, a state prisoner proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983. See ECF No. 1. In the operative complaint, Plaintiff sues multiple defendants for events that allegedly took place while he was incarcerated at High Desert State Prison ("HDSP"). ECF No. 1-1 at 1-4. Plaintiff brings one count, alleging a violation of his Eighth Amendment rights. Id. at 5. Specifically, Plaintiff has been incarcerated in protected segregation since May 15, 2017. Id. at 5. Plaintiff alleges that he is confined to his cell for almost the entire day, and that he has had almost no yard time for a prolonged period of time, starting as early as January 3, 2019. Accordingly, he asserts an Eighth Amendment claim for deliberate indifference to serious conditions of confinement against Defendants. He seeks monetary damages, declaratory

relief, and injunctive relief. Id. at 16-17.

After the Court screened Plaintiff's complaint, see ECF Nos. 6, 7, the Court entered a scheduling order on January 7, 2022, directing: discovery to close on April 7, 2022, discovery motions be due by April 21, 2022, and motions for summary judgment be due by May 7, 2022. Over the course of 2022, the parties filed motions to extend these deadlines. See, e.g., ECF Nos. 23, 24, 27, 29, 33. Consequently, the deadlines were extended as follows: discovery was to close July 6, 2022, discovery motions were due by August 31, 2022, and dispositive motions were due by November 29, 2022. ECF Nos. 30, 36.

On November 29, 2022, Defendants filed the instant Motion for Summary Judgment. ECF No. 37. On the same day Plaintiff responded in opposition, he also filed a Motion to Reopen Discovery. ECF Nos. 42, 43. Defendants Replied to Plaintiff's Response, ECF No. 45, and Responded in opposition to Plaintiff's Motion to Reopen Discovery. ECF No. 46. The Court denied the Motion to Reopen Discovery without prejudice with leave re-file. ECF No. 47.

Plaintiff filed the Renewed Motion to Reopen Discovery pursuant to Federal Rule of Civil Procedure 56(d), Defendants Responded, and Plaintiff Replied. ECF Nos. 48, 49, 50.

This Order follows.

### III.    DISCUSSION

#### a.  Legal Standard

Federal Rules of Civil Procedure Rule 56(d) provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. See Garrett, 818 F.2d at 1518. Importantly, the Ninth Circuit explained

1  that in <u>pro se</u> prisoner cases, summary judgment is not favored when discovery requests for

2  relevant evidence are pending. <u>See</u> <u>Jones v. Blanas</u>, 393 F.3d 918, 930 (9th Cir. 2004); <u>Klingele</u>

3  <u>v. Eikenberry</u>, 849 F.2d 409, 412 (9th Cir. 1988).

4         Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders

5  and discovery plans. "A schedule may be modified only for good cause and with the judge's

6  consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses primarily on the movant's

7  diligence.   Local Rule 26-3 supplements Federal Rule of Civil Procedure 16. Under Local Rule

8  26-3, "[a] motion or stipulation to extend a deadline set forth in a discovery plan must be received

9  by the court no later than 21 days before the expiration of the subject deadline. . . . A request made

10  after the expiration of the subject deadline will not be granted unless the movant" must demonstrate

11  "<u>good cause</u>," and "that the failure to act was the result of <u>excusable neglect</u>." Local Rule 26-3

12  (emphases added). Excusable neglect encompasses situations in which the failure to comply with

13  a filing deadline is attributable to negligence. <u>Lemoge v. United States</u>, 587 F.3d 1188, 1195 (9th

14  Cir. 2009). Courts have reasoned that whether neglect is excusable depends on such factors as: (1)

15  the danger of prejudice to opposing parties; (2) the length of the delay, and its potential impact on

16  the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. <u>See,</u>

17  <u>e.g.</u>, <u>Branch Banking & Trust Co. v. D.M.S.I., LLC</u>, 871 F.3d 751, 764-65 (9th Cir. 2017); <u>Bank</u>

18  <u>of Am., N.A. v. Ann Losee Homeowners Ass'n</u>, 2017 U.S. Dist. LEXIS 165867, *6-9, 2017 WL

19  4467541 (D. Nev. Oct. 5, 2017). The determination is ultimately an equitable matter and should

20  take into account all the relevant circumstances. <u>Bank of Am., N.A. v. Ann Losee Homeowners</u>

21  <u>Ass'n</u>, 2017 U.S. Dist. LEXIS 165867, 2017 WL 4467541 at *7 (D. Nev. Oct. 5, 2017).

22                **b.  Analysis**

23         Here, Defendants have filed a motion for summary judgment. Plaintiff's additional filing

24  in response to Defendants' motion asserts that he is unable to adequately oppose the motion

25  because he has since discovered evidence he believes may be relevant to opposing their motion

26  and proving his claims. Specifically, the renewed motion to reopen discovery requests that the

27  Court withhold a decision on summary judgment and re-open discovery for the limited purpose of

28

obtaining HDSP's "unit 10 and unit 11 shift logs."[1] He asserts that he learned that "shift logs" existed after discovery closed based on disclosures made in a different case: Ross v. Johnson et al, 2:22-cv-00259-CDS-VCF. Plaintiff contends that these "shift logs" will help prove that facts Defendants have presented to this Court are misrepresentations and his case on the merits. Defendants oppose Plaintiff's motion contending, inter alia, that Plaintiff fails to show both good cause exists and excusable neglect warranting reopening discovery.

The Court finds it proper to allow Plaintiff to conduct discovery before opposing Defendants' motion for summary judgment. In construing the pro se Plaintiff's filings liberally, the Court finds that Plaintiff's filings comply with Local Rule 26-3. The Court also finds that good cause exists. Indeed, Plaintiff has acted diligently in this case, including pursing discovery. See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC, 870 F.3d 978, 989 (9th Cir. 2017).

Next, the Court finds excusable neglect exists. First, the Court does not find Defendants would be prejudiced if discovery is reopened for the limited purpose of engaging in discovery regarding the "shift logs." The Court is not persuaded that needing to refile the motion for summary judgment after discovery closes in this matter would constitute prejudice, especially if, as Defendants argue, the "shift logs" would not support Plaintiff's sole claim. The Court does not find that an additional 60 days of discovery would negatively impact the proceedings or cause undue delay. Indeed, both parties have engaged in motion practice extending the Court's discovery and dispositive motion deadlines. The Court will not now hold it against one of those parties. The Court also finds that the reason for delay does not weigh against granting Plaintiff's motion: he did not know about the existence of these "shift logs" until around the time he was required to file a response to Defendants' instant motion for summary judgment; he then concurrently filed his motion to reopen discovery. Finally, the Court finds that Plaintiff has acted in good faith.

Accordingly, Plaintiff's motion to reopen discovery is granted, and Defendants' motion for summary judgment is denied. The denial of Defendants' motion for summary judgment is without prejudice to them filing a renewed motion for summary judgment after the parties have conducted

---

[1] He specifically seeks "shift logs for Unit 10 from 4-9-18 to 10-2-19," "shift logs for Unit 11 from 10-2-19 to 8-11-2020," and "shift logs for unit 10 from 8-11-2020 to present date."

discovery. <u>See</u> Fed. R. Civ. P. 56(d)(1).

### IV.    CONCLUSION

**IT IS ORDERED** that Defendants Calvin Johnson, A. Lazano, Oliver, Harold Wickham, Brian Williams's Motion for Summary Judgment (ECF No. 37) is **DENIED WITHOUT PREJUDICE** with leave to refile at the close of discovery.

**IT IS FURTHER ORDERED** that Plaintiff Jerry E. Johnson's Renewed Motion to Reopen Discovery (ECF No. 48) is **GRANTED**.

The parties are directed to submit a joint discovery plan within one week of the date of this order, to include a period of discovery lasting no longer than 60 days regarding the "shift logs." The deadline for dispositive motions to be included in the proposed order is 70 days from the date of this order.

**DATED:** <u>September 23, 2023</u>

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 5 -