UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERRY E. JOHNSON, | Case No. 2:20-cv-01835-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| BRIAN WILLIAMS, *et al.*, | |
| Defendants. | |

### I.   INTRODUCTION

Before the Court are Defendants Calvin Johnson, A. Lazano, Oliver, Harold Wickham, Brian Williams's (together the "Defendants") Motion for Summary Judgment (ECF No. 57) and Plaintiff Jerry E. Johnson's May 1, 2024, submission (ECF Nos. 64, 65). For the reasons below, Defendants' motion is denied without prejudice and Plaintiff's submission is granted.

### II.   BACKGROUND

The Court incorporates by reference the procedural and factual background section from its September 23, 2023, Order (ECF No. 52) and adds the following. In its September 23, 2023, Order the Court denied the Defendants' prior Motion for Summary Judgement (ECF No. 37) without prejudice to allow Plaintiff to conduct additional discovery regarding certain shift logs. ECF No. 52. On October 26, 2023, the Honorable Daniel J. Albregts, United States Magistrate Judge, issued a scheduling order providing for discovery to close on November 22, and dispositive motions to be due on December 4, 2023. ECF No. 55. On November 22, 2023, Plaintiff filed a motion seeking additional time for discovery and representing that he had not received the shift logs. ECF No. 56. On December 4, 2023, the Defendants filed the instant Motion for Summary

Judgement. ECF No. 57. On December 8, 2023, Judge Albregts extended the discovery deadline to January 22. ECF No. 58.

On January 2, 2024, Plaintiff sought additional time to respond to the Motion for Summary Judgement in part to allow him time to compel production of the shift logs. ECF No. 59. On January 5, Plaintiff filed a status report representing that he still had not received the shift logs. ECF No. 60. On January 8, the Court granted Plaintiff until February 23, 2024, to respond to the Motion for Summary Judgement. ECF No. 61. On March 13, 2024, Plaintiff sought additional time to respond to the Motion for Summary Judgement and represented that the shift logs had been produced as an electronic file but that he was unable to view the logs. ECF No. 62. That day, the Court extended the deadline to respond to the Motion for Summary Judgement until May 6, 2024. ECF No. 63.

On May 1, 2024, Plaintiff filed a submission styled "Motion for Court Order Directing Defendants Produce Usable Copies of Shift Logs and Stay of Time to File a Response to Defendants Motion for Summary Judgement," (hereinafter the "submission"). As a courtesy, the Clerk of Court entered the submission on the docket as a separate discovery motion and motion to stay. ECF Nos. 64, 65. On May 15, 2024, the Defendants responded. ECF No. 67.

This Order follows.

### III.    LEGAL STANDARD

Federal Rules of Civil Procedure Rule 56(d) provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. See Garrett, 818 F.2d at 1518. Importantly, the Ninth Circuit explained that in *pro se* prisoner cases, summary judgment is not favored when discovery requests for

relevant evidence are pending. See Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004); Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988).

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses primarily on the movant's diligence. Local Rule 26-3 supplements Federal Rule of Civil Procedure 16. Under Local Rule 26-3, "[a] motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. . . . A request made after the expiration of the subject deadline will not be granted unless the movant" must demonstrate "*good cause*," and "that the failure to act was the result of *excusable neglect*." Local Rule 26-3 (emphases added). Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. Lemoge v. United States, 587 F.3d 1188, 1195 (9th Cir. 2009). Courts have reasoned that whether neglect is excusable depends on such factors as: (1) the danger of prejudice to opposing parties; (2) the length of the delay, and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. See Branch Banking & Trust Co. v. D.M.S.I., LLC, 871 F.3d 751, 764-65 (9th Cir. 2017). The determination is ultimately an equitable matter and should take into account all the relevant circumstances. See Bank of Am., N.A. v. Ann Losee Homeowners Ass'n, 2017 U.S. Dist. LEXIS 165867, 2017 WL 4467541, at *7 (D. Nev. Oct. 5, 2017).

### IV.     DISCUSSION

The Court now turns to the pending motions. Defendants have filed a motion for summary judgment. Plaintiff filed a submission in response to Defendants' motion which asserts that he is unable to adequately oppose the motion because relevant discovery was not timely produced and was not produced in a manner amendable to his review. Plaintiff also seeks additional time to respond to the Motion for Summary Judgement. The Court construes Plaintiff's submission as a Rule 56(d) motion. United States v. Qazi, 975 F.3d 989, 993 (9th Cir. 2020) ("[Courts] are specifically directed to construe pro se pleadings liberally. This duty applies equally to pro se motions and with special force to filings from pro se inmates.") (citations omitted).

There is no dispute that Defendants have produced digital copies of the shift logs totaling approximately 6,000 pages. There is no dispute that portions of the shift logs have been redacted. Plaintiff argues that he has had insufficient time to review the shift logs. Because the logs were produced on DVD disks, he is able to review the files only periodically and for a maximum of 90 minutes at a time in the prison library. He also argues that the redactions have impacted his ability to utilize the shift logs. Defendants counter that digital production of the shift logs is sufficient, and that Plaintiff should have to pay for any physical copies he desires.

The Court finds it proper to allow Plaintiff to conduct discovery before opposing Defendants' motion for summary judgment. In construing the *pro se* Plaintiff's filings liberally, the Court finds that Plaintiff's filings comply with Local Rule 26-3. The Court next finds that good cause exists. Plaintiff has acted diligently in this case, including pursing discovery. See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC, 870 F.3d 978, 989 (9th Cir. 2017); see, e.g., ECF No. 23, 29, 31, 53, 56, 59, 60, 62. The Court has already determined the shift logs are relevant for Plaintiff's opposition to summary judgment. See ECF No. 52.

Next, the Court finds excusable neglect exists. First, the Court does not find Defendants would be prejudiced if discovery is reopened for the limited purpose of enabling useful discovery regarding the "shift logs." The Court is not persuaded that needing to refile the motion for summary judgment after discovery closes in this matter would constitute prejudice. The Court does not find that an additional 90 days of discovery would negatively impact the proceedings or cause undue delay. Indeed, both parties have engaged in motion practice extending the Court's discovery and dispositive motion deadlines. The Court will not now hold it against one of those parties. The Court also finds that the reason for delay does not weigh against granting Plaintiff's motion: because of the format of production, his ability to timely review the shift logs has been restricted. Instead, Plaintiff has timely raised the issue and sought physical copies to expedite the process. Finally, the Court finds that Plaintiff has acted in good faith.

Accordingly, Plaintiff's Rule 56(d) motion to reopen discovery is granted, and Defendants' motion for summary judgment is denied. The denial of Defendants' motion for summary judgment is without prejudice to them filing a renewed motion for summary judgment after the parties have

conducted discovery. See Fed. R. Civ. P. 56(d)(1).

### V. CONCLUSION

**IT IS ORDERED** that Defendants Calvin Johnson, A. Lazano, Oliver, Harold Wickham, Brian Williams's Motion for Summary Judgment (ECF No. 57) is **DENIED without prejudice** with leave to refile at the close of discovery.

**IT IS FURTHER ORDERED** that Plaintiff Jerry Johnson's Motion to Reopen Discovery (ECF Nos. 64, 65) is **GRANTED**. The parties are directed to submit a joint discovery plan within one week of the date of this order, to include a period of discovery lasting at least 90 days. Any objections regarding the shift logs, including objections to any redactions, will be brought during the discovery period. Dispositive motions will be due 30 days after the close of discovery.

**IT IS FURTHER ORDERED** that Defendants will produce, at no cost to Plaintiff, physical copies of the shift logs for Plaintiff's review. Plaintiff will be permitted to access all of these files in-cell or, subject to approval on a motion to this Court within seven days of this order, out-of-cell. Any such motion seeking out-of-cell review will provide Plaintiff with sufficient time to review the files and permit him to bring a reasonable number of pages back to his cell.

**IT IS FURTHER ORDERED** that the Clerk of Court will provide a courtesy copy of this Order to Plaintiff by first class U.S. postage.

**DATED:** May 23, 2024



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**