1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Jerry E. Johnson,

                Plaintiff,

    v.

Brian Williams, et al.,

                Defendants.

Case No. 2:20-cv-01835-RFB-DJA

**Order**

11    This is a prisoner civil rights action arising out of pro se Plaintiff's allegations that, on

12  many occasions, Plaintiff received less than the eight hours of outdoor exercise per week to which

13  Plaintiff asserts he was entitled.  Plaintiff moves for the Court to impose sanctions on Defendants

14  Calvin Johnson, Alexis Lozano, Ronald Oliver, Harold Wickham, and Brian Williams for

15  Defendants' failure to comply with the Court's order granting Plaintiff's prior motion to compel

16  Defendants to produce certain documents.  (ECF No. 87).  Plaintiff also moves for an extension

17  of time to file a reply in support of that motion.  (ECF Nos. 100, 101).  Defendants move for an

18  extension of the dispositive motion deadline.  (ECF No. 105).  Because the Court finds that

19  Defendants have violated its order granting Plaintiff's motion to compel, but that the sanctions

20  Plaintiff seeks are not warranted, it grants in part and denies in part Plaintiff's motion for

21  sanctions.  Because the Court finds that both Plaintiff and Defendants have shown good cause for

22  the extensions they seek, the Court grants Plaintiff's motion and grants in part and denies in part

23  Defendants' motion, sua sponte extending the dispositive motion deadline further than

24  Defendants requested.

25    **I.**    **Plaintiff's motion for sanctions.**

26    ***A.***    ***The parties' arguments.***

27    On September 27, 2024, the Court ordered Defendants to produce shift logs—which logs

28  document what tasks corrections officers completed during their shifts—to Plaintiff in a particular

1   format.  (ECF No. 77).  The Court required Defendants to remove their redactions of the shift

2   logs and to provide a privilege log for any redactions they retained for privileged information; to

3   Bates stamp the shift logs; and to produce the shift logs in a single sided format.  On April 24,

4   2025, Plaintiff moved for sanctions.  (ECF No. 87).  Plaintiff argues that Defendants only

5   produced some of those logs.  He requests sanctions in the form of the Court deeming certain of

6   his claims as true, his fees incurred in bringing the motion at a rate of $60 per hour, and coercive

7   contempt sanctions totaling $1,000.

8         Defendants assert in response that the Court's order granting Plaintiff's motion to compel

9   did not set a timeline for them to produce documents.  (ECF No. 99).  So, they reason that they

10  did not violate the terms of the Court's order.  They add that they ultimately produced the

11  documents Plaintiff seeks on May 1, 2025.  They also argue that Plaintiff failed to meet and

12  confer before bringing his motion for sanctions.

13        Plaintiff points out in reply that the documents Defendants sent to him on May 1, 2025,

14  failed to comply with the Court's order.  (ECF No. 102).  He asserts that the documents are

15  redacted without a corresponding privilege log, that the documents are double sided, and that the

16  documents contain duplicates.  Plaintiff also points out that his motion for sanctions is not a

17  discovery motion and so, he was not required to meet and confer before bringing it.

18        On June 16, 2025, Plaintiff filed a status report, explaining that he told the Defendants that

19  the documents they sent on May 1, 2025, were noncompliant with the Court's order.  (ECF No.

20  106).  Plaintiff explains that, in a May 29, 2025, email, counsel for Defendants admitted that the

21  May 1, 2025, disclosures were not compliant and provided partially compliant disclosures.

22  Plaintiff asserts that this shows that Defendants' assertion in response to Plaintiff's motion for

23  sanctions, that Defendants produced the compliant documents Plaintiff sought on May 1, 2025,

24  was false.  Plaintiff also points out that the May 29, 2025, disclosures failed to include a privilege

25  log.

26        **B.    *Analysis.***

27        As a preliminary matter, Plaintiff has the better argument that he was under no obligation

28  to meet and confer with Defendants before bringing his motion for sanctions.  The rule governing

a motion to compel requires a meet and confer. *See* Fed. R. Civ. P. 37(a)(1). But the rule

governing Plaintiff's motion for sanctions does not. *See* Fed. R. Civ. P. 37(b)(2)(A).

The Court's next inquiry is whether Defendants violated its order granting Plaintiff's

motion to compel. The Court finds that Defendants did. The Court did not impose a deadline by

which Defendants were required to produce compliant shift logs to Plaintiff. But Defendants

failed to produce complete and compliant shift logs for almost a year. While this was not a

technical violation of the terms of the order, Defendants did violate the spirit of that order given

their delay. Defendants also violated the terms of the order because they have not produced a

privilege log for their redactions. While Defendants eventually produced single sided, Bates

stamped documents on May 29, 2025, Plaintiff asserts that they did not include a privilege log.

Now that the Court has identified that Defendants violated the terms of its order, the Court

must determine what sanctions are appropriate. Plaintiff alternatively asks for sanctions under

Federal Rule of Civil Procedure 16 and the Court's civil contempt power. However, Plaintiff's

request arises more accurately under Federal Rule of Civil Procedure 37(b)(2)(A), which provides

certain sanctions for a party's failure to obey an order to provide or permit discovery, including

an order compelling that discovery under Federal Rule of Civil Procedure 37(a). That rule

provides that sanctions may include, amongst other things: (1) directing that the matters embraced

in the order or other designated facts be taken as established for the purposes of the action, as the

prevailing party claims; and (2) treating the failure as a contempt of court. *See* Fed. R. Civ. P.

37(b)(2)(A)(i), (vii). Instead of or in addition to those sanctions, "the court must order the

disobedient party, the attorney advising that party, or both to pay the reasonable expenses,

including attorney's fees, caused by the failure, unless the failure was substantially justified or

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff requests three types of sanctions: (1) evidentiary sanctions in which the Court

takes his claims as established; (2) attorneys' fees sanctions in which his time is compensated at a

rate of $60 per hour; and (3) coercive contempt sanctions totaling $1,000. The Court does not

find any of these sanctions to be appropriate. But it does find sanctions in the form of Plaintiff's

costs to be appropriate.

While Federal Rule of Civil Procedure 37(a)(2)(A)(i) provides for the evidentiary sanctions Plaintiff seeks, Plaintiff has not shown that Defendants have entirely deprived him of the information he sought or that he is now unable to prove his claims such that evidentiary sanctions are appropriate.  Additionally, while Defendants waited for close to a year to provide complete records to Plaintiff, Plaintiff does not demonstrate whether or when he asked for the complete records or why he waited for close to a year to move for sanctions related to Defendants' delay.  So, the Court does not find the evidentiary sanctions Plaintiff seeks to be appropriate.

While Federal Rule of Civil Procedure 37(a)(2)(A)(vii) provides for contempt sanctions, the Court does not find the coercive contempt sanctions Plaintiff seeks to be appropriate.  This is because "substantial compliance with a court order is a defense to an action for civil contempt." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).  Here, while Defendants have not complied with the Court's order, they have substantially complied by providing the documents and re-sending them upon realizing that they did not conform with the Court's format requirements.  Defendants have also pointed out that, between the time they initially produced certain incomplete documents and the time Plaintiff moved for sanctions, Plaintiff did not raise any concerns about the shift logs, Plaintiff's address changed, and Defendants experienced a change in counsel.  So, the Court does not find coercive contempt sanctions to be appropriate.

While Federal Rule of Civil Procedure 37(a)(2)(C) provides for attorney fee sanctions, Plaintiff is not an attorney.  "With respect to pro se litigants, including those that are licensed attorneys, the general rule is that attorneys' fees are not a payable 'expense' under Rule 37 'as there is no direct financial cost or charge associated with the expenditure of one's own time.'" *Surowiec v. Cap. Title Agency, Inc.*, 790 F. Supp. 2d 997, 1011 (D. Ariz. 2011) (compiling cases) (citations omitted).  So, the Court declines to award these sanctions.

However, "reasonable expenses" awardable under Rule 37 do include "actual costs incurred as a result of misconduct."  *Id.* (citing *Fosselman v. Gibbs*, No. CV 06-00375-PJH-NJV, 2010 WL 1446661, at *1 (N.D. Cal. Apr. 7, 2010)).  So, the Court will award sanctions in the

form of Plaintiff's actual expenses in bringing his motion for sanctions, his reply in support of that motion, his status report, and related documents.  The Court will order the parties to meet and confer and attempt to stipulate to the amount of those expenses.  The Court will also set a deadline by which Defendants must produce a privilege log for any redactions they have made in the shift logs produced to Plaintiff.

**II.     Plaintiff's motions to extend time.**

Plaintiff moves in two identical motions to extend the time for him to reply in support of his motion for sanctions, explaining that he needed to review the documents that Defendants produced on May 1, 2025.  (ECF Nos. 100, 101).  Defendants did not respond to these motions, constituting their consent to the Court granting them.  *See* LR 7-2(d).  And the Court finds that Plaintiff has shown good cause for the extension.  *See* Fed. R. Civ. P. 6(b); *see* LR IA 6-1.  So, the Court grants Plaintiff's motions and will deem his reply timely.

**III.     Defendants' motion to extend the dispositive motions deadline.**

Defendants move to extend the dispositive motions deadline, explaining that, on May 29, 2025, their counsel sent Plaintiff compliant shift logs and that "there is still a question of whether Plaintiff has received the appropriate version of the documents he is [sic] requested…" (ECF No. 105).  Plaintiff has not opposed the motion, constituting his consent to the Court granting it.  *See* LR 7-2(d).  And the Court finds that Defendants have shown good cause for the extension.  *See* Fed. R. Civ. P. 16(b)(4); *see* LR 26-3.  The Court grants in part and denies in part Defendants' motion.  It grants it in part to the extent Defendants seek an extension.  It denies it in part regarding the new deadline the Defendants seek because that deadline is only a week away.  The Court will sua sponte extend the dispositive motions deadline by sixty days from the date of this order and will correspondingly extend the joint pretrial order deadline.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for sanctions (ECF No. 87) is **granted in part and denied in part.**  It is granted in part to the extent Plaintiff requests sanctions in the form of his costs expended in bringing his motion and related documents.  It is denied in part in all other respects.

1    **IT IS FURTHER ORDERED** that the parties must meet and confer on or before

2    **September 1, 2025,** and attempt to stipulate regarding the amount of sanctions due to Plaintiff.

3    Defendants must initiate the meet and confer.

4    **IT IS FURTHER ORDERED** that Defendants must provide Plaintiff a privilege log for

5    the redactions they made to the shift logs on or before **September 1, 2025.**

6    **IT IS FURTHER ORDERED** that Plaintiffs' motions to extend (ECF Nos. 100, 101) are

7    **granted.** The Court will deem Plaintiff's reply filed at ECF No. 102 to be timely.

8    **IT IS FURTHER ORDERED** that Defendants' motion to extend time (ECF No. 105) is

9    **granted in part and denied in part.** It is granted in part regarding Defendants' request for an

10   extension. It is denied in part regarding the exact extension Defendants seek.

11   **IT IS FURTHER ORDERED** that the following deadlines shall govern discovery:

12

13   Dispositive motions:              September 30, 2025

14   Joint pretrial order:             October 30, 2025[1]

15

16   DATED: August 1, 2025

17   _____

18   DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26   _____

27   [1] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint
     pretrial order will be suspended until thirty days after decision on the dispositive motions or

28   further court order.