**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

JERRY E. JOHNSON,

      Plaintiff,

  v.

BRIAN WILLIAMS, *et al.*,

      Defendants.

Case No. 2:20-cv-01835-RFB-DJA

**ORDER**

Before the Court is *pro se* Plaintiff Jerry Johnson's (ECF Nos. 108, 125) Objections to (ECF Nos. 107, 122) Orders issued by the Honorable Daniel J. Albregts, United States Magistrate Judge. For the reasons explained below, the Court overrules both Objections.

A magistrate judge may decide non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's order generally operates as a final determination. LR IB 1-3. But if a party timely objects to the magistrate judge's order, a district court judge must review the order and "set aside any part [...] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. See, e.g., Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013) (internal quotation marks and citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." United States v. Palafox, No. 2:16-cr-00265-GMN-CWH1, 2019 WL 281279, at \*1

(D. Nev. Jan. 18, 2019) (citation omitted).

When reviewing the Order, the Magistrate Judge "is afforded broad discretion, which will be overruled only if abused." Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The District Judge "may not simply substitute its judgment" for that of the Magistrate Judge. Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (citing United States v. BNS Inc., 858 F.2d 456, 464 (9th Cir. 1988)).

Plaintiff first objects to Judge Albregts' (ECF No. 107) Order to the extent it denied Plaintiff attorney fee sanctions pursuant to Federal Rule of Civil Procedure 37, due to Plaintiff's status as a *pro se* litigant. Plaintiff cites a decision by this Court granting a *pro se* litigant compensatory civil contempt sanctions in the amount of $ 60 per hour due to the defendants' violation of a temporary restraining order in that case. See Picozzi v. Nevada, No. 2:20-CV-00518-RFB-MDC, 2024 WL 4349453 (D. Nev. Sept. 29, 2024).

Judge Albregts' discretionary determination that sanctions pursuant to Rule 37 in the form of costs but not attorney's fees will not be overruled because a court has broad discretion as to the extent of sanctions it may impose regarding the violation of its orders. SEC v. Hickey, 322 F.3d 1123, 1128 (9th Cir. 2003). The Court does not find in the overall circumstances of this case that Judge Albregts' decision not to award costs was an abuse of discretion. Accordingly, Plaintiff's (ECF No. 108) Objection is overruled.

Plaintiff next (ECF No. 125) objects to Judge Albregts' denial of his motion for leave to file a supplemental pleading over three years after the deadline to amend pleadings and add parties had passed, due to Plaintiff's failure to satisfy the requirements of Federal Rule of Civil Procedure 16(b). See ECF No. 122. The Court finds Judge Albregts' ruling was consistent with the standard under Rule 16(b), given Plaintiff's failure to establish diligence in seeking to supplement his complaint by the deadline. Id. The Court notes that Plaintiff could have refiled his Motion and addressed the issues identified by Judge Albregts, *i.e.* that Plaintiff "[did] not explain *when* he attempted to file a new grievance or *when* he discovered the new caselaw," but Plaintiff did not do so. See ECF No. 122. Under these circumstances, Judge Albregts' Order was consistent with Federal Rules of Civil Procedure 15(d) and 16(b) regarding the requirements for a party to

supplement pleadings after the deadline to do so has passed, and not contrary to law.

For the foregoing reasons **IT IS HEREBY ORDERED** that Plaintiff Jerry Johnson's pending Objections (ECF Nos. 108, 125) are **OVERRULED**.

**DATED:** March 19, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**